IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY BROOKS, | ) |
| Movant, | ) |
| | ) No. 3:21-cv-00939 |
| v. | ) Judge Trauger |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

### MEMORANDUM OPINION AND ORDER

Pending before the court is pro se movant Anthony Brook's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence previously imposed by this court. (Doc. No. 1). Brooks is a federal prisoner housed at the Federal Correctional Institution Beaumont in Beaumont, Texas. Respondent has filed an Answer. (Doc. No. 28).

**I. Procedural History**

Anthony Brooks (hereinafter "Brooks" or "Movant") joined the Bloods street gang in 2006 and participated in the gang's racketeering activity which included drug-trafficking, murder, robbery, assault, and bribery. (*See United States v. Anthony Brooks*, No. 3:10-cr-00163-5 (hereinafter "Criminal Case"), Pre-Sentence Report ("PSR")[1] at ¶ 4). On June 17, 2010, a federal grand jury in the Middle District of Tennessee indicted Brooks and 25 other individuals for conspiring to participate in racketeering offenses. (*Id*., Doc. No. 3 at PageID# 7-76). Brooks was later charged with numerous crimes in a Second Superseding Indictment. (*Id*., Doc. No. 1147 at PageID # 3359-3421).

---

[1] As per the custom of this court, the PSR is not docketed; therefore, no docket citation is provided herein.

### A. The Second Superseding Indictment

Count One of the Second Superseding Indictment ("the Indictment") charged Brooks and others with conspiracy to participate in racketeering activity, in violation of Title 18, United States Code, Section 1962(d). (*Id.* at PageID# 3359-92). The Indictment alleged 145 overt acts that were committed in furtherance of the RICO conspiracy including murder, aggravated assault, and robbery. (*Id.*) Brooks' applicable statutory maximum on Count One was increased to life imprisonment[2] because the Indictment alleged that the conspiracy "[wa]s based on a racketeering activity for which the maximum penalty includes life imprisonment." (*Id.*; *see* 18 U.S.C. § 1963(a)). Counts Seventeen, Eighteen, and Nineteen related to a rival gang shooting on February 21, 2010. (*Id.*, Doc. No. 1147 at PageID # 3372, 3408-11). Specifically, Count Seventeen charged Brooks with conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5). (*Id.*) Count Eighteen charged Brooks with assault with a dangerous weapon in aid of racketeering, in violation of Title 18, United States Code, Section 1959(a)(3). (*Id.*) Count Nineteen charged Brooks with using and carrying firearms during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c). (*Id.*) Counts Twenty and Twenty-Three stemmed from the planned murder of Joedon Bradley and his subsequent beating. (*Id.* at PageID # 3411, 3415). Count Twenty charged Brooks with using and carrying a firearm during and in relation to a crime of violence on March 10, 2010, in violation of Title 18, United States Code, Section 924(c). (*Id.* at PageID # 3412). Count Twenty-Three charged Brooks with assault resulting in serious bodily injury in aid of racketeering on March 28, 2010, in violation of 18 U.S.C. § 1959(a)(3). (*Id.*, Doc. No. 1147 at PageID # 3415). Count Twenty-Seven charged Brooks with conspiracy to carry firearms during and in relation to crimes of violence, in violation of 18 U.S.C.

---

[2] RICO Conspiracy, as described in Section 1962, normally carries a statutory maximum of 20 years' imprisonment.

§ 924(o), with the conspiracy spanning a roughly five-year period. (*Id*. at PageID # 3419). The predicate crimes of violence identified in Count Twenty-Seven were "conspiracy to participate in a racketeering enterprise, murder in aid of racketeering, and assault with a dangerous weapon in aid of racketeering." (*Id*.)

### B. The Plea Agreement, Presentence Report, Sentence, and Direct Appeal

Brooks pleaded guilty to the RICO Conspiracy offense charged in Count One and the Possession of a Firearm in Furtherance of a Crime of Violence offense charged in Count Twenty, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Plea Agreement, Doc. No. 1269). The United States agreed to dismiss the remaining five counts that charged Brooks with crimes. (*Id*. at PageID # 3901-02). The parties recommended a sentence of 240 months on Count One to be served consecutively to the 60-month sentence on Count Twenty, for a total effective term of imprisonment of 300 months. (*Id*. at PageID # 3910-11). Brooks admitted committing additional crimes charged in the Indictment and alleged in the plea agreement's factual basis. (*Id*. at PageID# 3904-08). After Brooks's pleas of guilty, the U.S. Probation Office prepared a PSR. The PSR concluded that Brooks's offenses resulted in a Combined Offense level of 35. (PSR ¶ 57). The parties stipulated that Brooks qualified as a career offender under USSG § 4B1.1 because his offense of conviction was a crime of violence and he had at least two qualifying controlled-substance convictions. Based on this career offender determination and the 924(c) conviction, the PSR concluded that Brooks had a Total Offense Level of 34, a Criminal History Category of VI, and a Guideline Range of 322 to 387 months. (PSR ¶ 104). On May 25, 2012, the trial court accepted the parties' recommendation and sentenced Brooks to 240 months on Count One to be served consecutively to a 60-month term of imprisonment on Count Twenty, for a total effective sentence of 300 months. (Judgment, Doc. No. 1715 at PageID # 7644-45). The Court also granted

3

the United States's motion to dismiss and dismissed the remaining counts in which Brooks was charged. (*Id*.)

Brooks filed an appeal on June 9, 2012. (Notice of Appeal, Doc. No. 1776-80). Brooks's counsel subsequently filed an *Anders* brief and motion to withdraw from the case. (Case No. 12-5681, Doc. Nos. 47, 48 (6th Cir. Sept. 26, 2013)). Brooks also filed his own brief. (Doc. No. 68). The Sixth Circuit affirmed this court's judgment, holding that Brooks qualified as a career offender. (Doc. No. 70-2, Order (6th Cir. Apr. 10, 2014)); *United States v. Brooks*, No. 12-5681 (6th Cir. Apr. 10, 2014).

### C. Brooks' Prior Post-Conviction Litigation

On June 19, 2014, Brooks filed a pro se motion pursuant to 28 U.S.C. § 2255 seeking to set aside or correct his sentence. (Doc. No. 1). The motion claimed that his Section 924(c) conviction was unconstitutional based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), because the United States Supreme Court struck down the residual clause to the Armed Career Criminal Act's definition of "violent felony" as void for vagueness. Because this claim was foreclosed at the time by binding Sixth Circuit precedent, *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), *abrogated by United States v. Richardson*, 948 F.3d 733 (6th Cir. 2020), the court denied Brooks's motion.

In June 2019, the Supreme Court held that, consistent with the principles announced in *Johnson*, the residual clause of Section 924(c)(3)(B) is unconstitutionally void for vagueness, *United States v. Davis*, 139 S. Ct. 2319 (2019), overruling *Taylor*. *See, e.g., Richardson*, 948 F.3d at 741. Based on the *Davis* ruling, Brooks moved for authorization to file a second or successive petition, arguing that his Section 924(c) conviction was invalid in light of *Davis*. (Case No. 19-6189, Doc. No. 1). The United States initially opposed this motion based on the post-conviction

4

waiver in the plea agreement (Doc. No. 4) but ultimately conceded that conspiracy offenses typically did not qualify as crimes of violence under Section 924(c). The Sixth Circuit granted authorization to file. *In re Brooks*, No. 19-6189 (6th Cir. Feb. 28, 2020).

Brooks subsequently filed a Section 2255 motion alleging that *Davis* entitled him to a sentence reduction because his Section 924(c) offense was predicated on an offense that was no longer classified as a crime of violence. (Case No. 3:19-cv-916, Doc. Nos. 1, 25). Upon consideration of a joint motion filed by the parties (Doc. No. 26; *see also* Case No. 3:10-cr-00163-5, Doc. No. 2573), the court vacated Brooks's Section 924(c) conviction and 60-month prison sentence but reimposed the 240-month sentence and a three-year term of supervised release. An Amended Judgment was entered on August 21, 2020. Brooks did not appeal. (Doc. No. 2575-76).

**D. Brooks's Current Post-Conviction Litigation**

Brooks filed the instant Section 2255 motion seeking relief. (Case No. 3:21-cv-00939, Doc. No. 1). The court construed Brooks's motion as a second and successive motion and transferred his motion to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam). (Doc. Nos. 6,7). At the direction of the Sixth Circuit, Brooks filed a corrected motion for authorization to file a second or successive a Section 2255 motion, in which he proposed to raise claims that trial counsel rendered ineffective assistance. The Sixth Circuit determined that the motion was a challenge to Brooks's resentencing, not to a second and successive Section 2255 motion, and remanded the case. (Doc. Nos. 13, 14).

The court ordered the United States to file a response to Brooks's motion. (Doc. No. 17). Brooks filed a letter requesting additional time to supplement his motion with a memorandum of law due to issues at his facility. (Doc. No. 18). The court granted an extension. (Doc. No. 20). The court later allowed Brooks an additional extension but stated that no additional extensions would

5

be granted and that his filing should be submitted no later than March 15, 2023. (Doc. No. 21). On March 21, 2023, Brooks mailed a letter to the court (which was received on March 28, 2023) (Doc. No. 80) in which he reiterates his claim that he received ineffective assistance of counsel. (*Id.*) Brooks also alleges that, under *Havis*, he no longer qualifies as a career offender because his "prior convictions of controlled substances [do] not qualify" as controlled substance offenses under U.S.S.G. Section 4B1.2. (*Id.*) He further alleges that there was also a sentencing disparity among him and his co-defendants. (*Id.*)

The United States filed its Answer on May 18, 2023 (Doc. No. 28), and this matter is ripe for review.

## II. Standard for Reviewing Section 2255 Motions

A prisoner in custody under a sentence of a federal court may move the court to vacate, set aside, or correct his sentence on certain grounds, including that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). It is well established that, "[t]o prevail under § 2255, a defendant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or jury's verdict" or "must show a fundamental defect in his sentencing which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Wright v. Jones*, 182 F.3d 458, 463 (6th Cir. 1999) (internal quotation marks omitted). In Section 2255 proceedings, it is the movant's burden to show his entitlement to relief. *See Potter v. United States*, 887 F.3d 785, 787-88 (6th Cir. 2018).

With the exception of a claim of ineffective assistance of counsel, a defendant procedurally defaults a claim by failing to raise it on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Under the doctrine of procedural default, a defendant who fails to raise an issue on direct appeal may not raise that issue in a Section 2255 motion unless he can demonstrate (1) cause and
6

prejudice to excuse his failure or (2) his actual innocence. *See Huff v. United States*, 734 F.3d 600, 605-06 (6th Cir. 2013). The element of cause requires "good cause" for the movant's failure to raise his claims on direct appeal, and the element of prejudice requires the movant to show that he "would suffer prejudice if unable to proceed" with those claims. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). The Sixth Circuit has held that a movant demonstrates actual prejudice by showing that an error "worked to his actual and substantial disadvantage." *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993). The Sixth Circuit made clear in *Bousley* that "'actual innocence' means factual innocence, not merely legal insufficiency." 523 U.S. 614, 623. Additionally, "[i]n cases where the [g]overnment has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id*. at 624. A movant's factual innocence must be shown "in light of all the evidence, including the undisputed circumstances described in the presentence report" and plea agreement. *Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011).

**III. Analysis**

Rule 8 of the Rules Governing Section 2255 Proceedings contemplates that a Section 2255 motion may be resolved by the district court without a hearing. Rule 8(a) provides in relevant part: "If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." *Id*. Rule 7 of the Rules Governing Section 2255 Proceedings permits expansion of the record with additional materials relating to the motion, such as letters predating the filing of the motion, documents, exhibits, answers under oath to interrogatories and affidavits.

"An evidentiary hearing 'is required unless the record conclusively shows that the petitioner is entitled to no relief.'" *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018)

7

(quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)). "Bald assertions and conclusory allegations" do not provide grounds to warrant requiring the government to respond to discovery or to require an evidentiary hearing. *Thomas v. United States*, 849 F.3d 669, 681 (6th Cir. 2017).

### A. Timeliness

Before turning to the merits of Brook's motion, the court first addresses the government's argument that Brooks's motion should be dismissed because it was untimely filed. (*See* Doc. No. 28 at PageID # 96-97). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq*.), a one-year statute of limitations applies to the filing of a Section 2255 motion. The one-year limitation period commences on the latest of one of the four dates set forth in 28 U.S.C. § 2255(f). As pertinent here, Section 2255(f) provides the one-year limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final; [or] . . .
>
> . . . .
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f)(1), (3). For purposes of subsection (f)(1), a conviction generally becomes final for purposes of collateral review at the conclusion of direct review. *See Dodd v. United States*, 545 U.S. 353, 357 (2005); *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001).

In this case, the court resentenced Brooks on August 17, 2020. (Criminal Case, Doc. No. 2575-76). He did not appeal this sentence. As a result, his conviction became final 14 days after the court entered judgment – August 31, 2020. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when

the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i)( "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . judgment."). Therefore, to be timely under Section 2255(f)(1), Brooks's Section 2255 Motion should have been filed within one year, that is, on or before August 31, 2021.

The government asserts that Brooks filed his motion on December 20, 2021. (Doc. No. 28 at PageID # 95, 97). However, that is the date the court *received* Brooks's motion. (Doc. No. 1). Brooks signed the motion, including a certification that he delivered the motion to prison personnel for mailing, on August 10, 2021. (*See* Doc. No. 1 at PageID # 12, 13). Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. The rationale for this rule is that "pro se prisoners have no control over delays between the prison authorities' receipt of [a pleading] and its filing, and their lack of freedom bars them from delivering the [pleading] to the court clerk personally." *Houston*, 487 U.S. 266, 273-74. Courts assume, "absent contrary evidence," that an incarcerated person delivered a legal filing to prison authorities "on the date he or she signed [it]." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

Here, there appears to have been a three-month delay between the date Brooks signed the certification stating that he delivered the motion to prison officials for mailing and the date the court Clerk's Office received it. While this delay may seem unusual, the government has presented no evidence showing that Brooks failed to present his motion to the prison officials on the date he certified it.[3] Thus, the court finds that Brooks filed his Section 2255 motion on August 10, 2021,

---

[3] Indeed, the government fails to acknowledge the application of the prison mailbox rule at all. (*See* Doc. No. 28 at PageID # 96-97).

the date he signed the motion, even though the Clerk of Court received and docketed the motion on December 20, 2021. *See Dunn v. United States*, No. 2:13-cv-00107, 2015 WL 5918382, at *9 (M.D. Tenn. Oct. 9, 2015) (where government argued that prison mailbox rule should not apply in part because "the two-week delay between the date Petitioner signed the Motion and the date it was received by the Court Clerk's Office suggests that Petitioner may have given his petition to prison officials after the expiration of the limitations period", court found that prison mailbox rule applied because the court was not persuaded that government's arguments were "sufficient to overcome the Petitioner's certification that he delivered the Motion to prison officials for mailing" on a particular date). Having been filed before August 31, 2021, Brooks's Section 2255 motion is timely.

**B. Merits**

The court turns now to the merits of Brooks's Section 2255 motion. Therein, and as supplemented by his letter received on March 28, 2023,[4] Brooks alleges that he received ineffective assistance of counsel (Doc. No. 1 at PageID # 4); one of his prior convictions for a controlled substance offense no longer qualifies as a career offender predicate offense under U.S.S.G. Section 4B1.2, pursuant to United States v. *Havis*, 927 F.3d 382 (6th Cir. 2019) (Doc. No. 22 at PageID # 80), as racketeering is not a crime of violence; and that he is the victim of sentencing disparities (*Id*. at PageID# 2). According to Brooks, his guideline range and sentence should be lower, and he is entitled to release on a time-served sentence. (*Id*.)

---

[4] This letter was submitted in response to the court's order permitting Brooks to file a "Section 2255 Supporting Memorandum of Law." (*See* Doc. No. 23 at PageID # 83). Although an argument could have been made that Brooks had not raised a sentencing disparity claim in his Section 2255 motion (and only had mentioned sentencing disparity in his letter), Respondent lists a disparity claim in its Answer, thereby acknowledging such claim is before the court. (*See* Doc. No. 28 at PageID # 95-96).

10

Case 3:21-cv-00939   Document 30   Filed 06/17/24   Page 10 of 11 PageID #: 113

Respondent acknowledges that Brooks raises these three claims. (Doc. No. 28 at PageID # 95-96). Even so, in its Answer, Respondent only addresses Brooks's first claim, that of ineffective assistance of counsel. (*Id.* at PageID # 97-100).

Brooks alleges three distinct sub-claims of ineffective assistance of counsel: (1) his post-conviction counsel provided constitutionally ineffective assistance by failing (a) to challenge Brooks's career offender classification and (b) to argue that RICO Conspiracy is no longer a crime of violence under United States Sentencing Guidelines ("U.S.S.G.") Section 4B1.2; and (2) his direct appeal counsel provided constitutionally ineffective assistance by failing to file a direct appeal when requested to do so. Respondent, however, only addresses the first sub-claim. (Doc. No. 28 at PageID # 97-100).

With Brooks proceeding pro se, the court finds it appropriate to require Respondent to respond to each of Brooks's claims. Accordingly, the court will complete its merits review of Brooks's Section 2255 motion after receiving additional briefing by Respondent.

### III. Conclusion

For the reasons set forth herein, the court finds that Brooks's Section 2255 motion was timely filed. Respondent is **DIRECTED** to respond to each of the claims raised by Brooks in his Section 2255 Motion within 30 days of entry of this Memorandum Opinion and Order.

No further action is required by Brooks at this time.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge