**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ANTHONY BROOKS,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | **No. 3:21-cv-00939** |
| **v.** | ) | **Judge Trauger** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is pro se movant Anthony Brooks' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence previously imposed by this court. (Doc. Nos. 1, 22). Brooks is a federal prisoner housed at the Federal Correctional Institution Beaumont in Beaumont, Texas. Pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) agreement, Brooks pleaded guilty to conspiracy to participate in a racketeering activity, in violation of 18 U.S.C. § 1962(d), and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). The agreement provided for a total prison term of 300 months, which the court imposed.

The Government has filed an Amended Answer to Brooks' Section 2255 motion, urging that Brooks is not entitled to relief because: (1) he has failed to establish counsel was deficient and the deficiency prejudiced him; (2) he is precluded from challenging his career offender calculation; (3) his sentence was not disproportional to similarly situated defendants; and (4) the 18 U.S.C. § 3553(a) factors do not warrant an approximate sentence of 12 years. (Doc. No. 35 at PageID# 122). For the following reasons, Brooks' motion will be denied.

1

# I. BACKGROUND

Anthony Brooks (hereinafter "Brooks" or "Movant") joined the Bloods street gang in 2006 and participated in the gang's racketeering activity, which included drug-trafficking, murder, robbery, assault, and bribery. *See United States v. Anthony Brooks*, No. 3:10-cr-00163-5 (hereinafter "Criminal Case"), Pre-Sentence Report ("PSR")[1] at ¶ 4. On June 17, 2010, a federal grand jury in the Middle District of Tennessee indicted Brooks and 25 other individuals for conspiring to participate in racketeering offenses. (*Id.*, Doc. No. 3 at PageID# 7-76). Brooks was later charged with numerous crimes in a Second Superseding Indictment. (*Id.*, Doc. No. 1147 at PageID# 3359-3421).

## A. The Second Superseding Indictment

Count One of the Second Superseding Indictment ("the Indictment") charged Brooks and others with conspiracy to participate in racketeering activity, in violation of Title 18, United States Code, Section 1962(d). (*Id.* at PageID# 3359-92). The Indictment alleged 145 overt acts that were committed in furtherance of the RICO conspiracy, including murder, aggravated assault, and robbery. (*Id.*) Brooks' applicable statutory maximum on Count One was increased to life imprisonment[2] because the Indictment alleged that the conspiracy "[wa]s based on a racketeering activity for which the maximum penalty includes life imprisonment." (*Id.*; *see* 18 U.S.C. § 1963(a)). Counts Seventeen, Eighteen, and Nineteen related to a rival gang shooting on February 21, 2010. (*Id.*, Doc. No. 1147 at PageID# 3372, 3408-11). Specifically, Count Seventeen charged Brooks with conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5). (*Id.*) Count Eighteen charged Brooks with assault with a dangerous

---

[1] As per the custom of this court, the PSR is docketed in Brooks' criminal case but is under seal. (*See* Case No. 3:10-cr-163-5, Doc. No. 1786) (under seal)).

[2] RICO Conspiracy, as described in Section 1962, normally carries a statutory maximum of 20 years' imprisonment.

2

weapon in aid of racketeering, in violation of Title 18, United States Code, Section 1959(a)(3). (*Id*.) Count Nineteen charged Brooks with using and carrying firearms during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c). (*Id*.) Counts Twenty and Twenty-Three stemmed from the planned murder of Joedon Bradley and his subsequent beating. (*Id*. at PageID #3411, 3415). Count Twenty charged Brooks with using and carrying a firearm during and in relation to a crime of violence on March 10, 2010, in violation of Title 18, United States Code, Section 924(c). (*Id*. at PageID# 3412). Count Twenty-Three charged Brooks with assault resulting in serious bodily injury in aid of racketeering on March 28, 2010, in violation of 18 U.S.C. § 1959(a)(3). (*Id*., Doc. No. 1147 at PageID# 3415). Lastly, Count Twenty-Seven charged Brooks with conspiracy to carry firearms during and in relation to crimes of violence, in violation of 18 U.S.C. § 924(o), with the conspiracy spanning a roughly five-year period. (*Id*. at PageID# 3419). The predicate crimes of violence identified in Count Twenty-Seven were "conspiracy to participate in a racketeering enterprise, murder in aid of racketeering, and assault with a dangerous weapon in aid of racketeering." (*Id*.)

### B. The Plea Agreement, Presentence Report, Sentence, and Direct Appeal

Brooks pleaded guilty to the RICO Conspiracy offense charged in Count One and the Possession of a Firearm in Furtherance of a Crime of Violence offense charged in Count Twenty, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Plea Agreement, Doc. No. 1269). The United States agreed to dismiss the remaining five counts that charged Brooks with crimes, including Count 19, that would have required an additional 25-year consecutive sentence. (*Id*. at PageID# 3901-02). The parties recommended a sentence of 240 months on Count One to be served consecutively to the 60-month sentence on Count Twenty, for a total effective term of imprisonment of 300 months. (*Id*. at PageID# 3910-11). Brooks admitted

committing additional crimes charged in the Indictment and alleged in the plea agreement's factual basis. (*Id*. at PageID# 3904-08). After Brooks' pleas of guilty, the U.S. Probation Office prepared a PSR. The PSR concluded that Brooks' offenses resulted in a Combined Offense level of 35. (PSR ¶ 57). The parties stipulated that Brooks qualified as a career offender under U.S.S.G. § 4B1.1 because his offense of conviction was a crime of violence and he had at least two qualifying controlled-substance convictions. Based on this career offender determination and the 924(c) conviction, the PSR concluded that Brooks had a Total Offense Level of 34, a Criminal History Category of VI, and a guideline range of 262 to 327 months. (PSR ¶ 104). On May 25, 2012, the trial court accepted the parties' recommendation and sentenced Brooks to 240 months on Count One to be served consecutively to a 60-month term of imprisonment on Count Twenty, for a total effective sentence of 300 months. (Judgment, Doc. No. 1715 at PageID# 7644-45). The court also granted the United States' motion to dismiss the remaining counts in which Brooks was charged. (*Id*.)

Brooks filed an appeal on June 9, 2012. (Notice of Appeal, Doc. No. 1776-80). Brooks' counsel subsequently filed an *Anders* brief and motion to withdraw from the case. (Case No. 12-5681, Doc. Nos. 47, 48 (6th Cir. Sept. 26, 2013)). Brooks also filed his own brief. (Doc. No. 68). The Sixth Circuit affirmed this court's judgment, holding that Brooks qualified as a career offender. (Doc. No. 70-2, Order (6th Cir. Apr. 10, 2014)); *United States v. Brooks*, No. 12-5681 (6th Cir. Apr. 10, 2014).

### C. Brooks' Prior Post-Conviction Litigation

On June 19, 2014, Brooks filed a pro se motion pursuant to 28 U.S.C. § 2255, seeking to set aside or correct his sentence. (Doc. No. 1). The motion claimed that his Section 924(c) conviction was unconstitutional based on *Johnson v. United States*, 576 U.S. 591 (2015), because

the United States Supreme Court struck down the residual clause to the Armed Career Criminal Act's ("ACCA") definition of "violent felony" as void for vagueness. Because this claim was foreclosed at the time by binding Sixth Circuit precedent, *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), *abrogated by United States v. Richardson*, 948 F.3d 733 (6th Cir. 2020), the court denied Brooks' motion. *Brooks v. United States*, No. 3:14-cv-01324, 2014 WL 5498299 (M.D. Tenn. Oct. 30, 2014).

In June 2019, the Supreme Court held that, consistent with the principles announced in *Johnson*, the residual clause of Section 924(c)(3)(B) is unconstitutionally void for vagueness, *United States v. Davis*, 588 U.S. 445 (2019), overruling *Taylor. See, e.g., Richardson*, 948 F.3d at 741. Based on the *Davis* ruling, Brooks moved for authorization to file a second or successive petition, arguing that his Section 924(c) conviction was invalid in light of *Davis*. (Case No. 19-6189, Doc. No. 1). The United States initially opposed this motion based on the post-conviction waiver in the plea agreement (Doc. No. 4) but ultimately conceded that conspiracy offenses typically did not qualify as crimes of violence under Section 924(c). The Sixth Circuit granted authorization to file a second or successive petition. *In re Brooks*, No. 19-6189 (6th Cir. Feb. 28, 2020).

Brooks subsequently filed a Section 2255 motion alleging that *Davis* entitled him to a sentence reduction because his Section 924(c) offense was predicated on an offense that was no longer classified as a crime of violence. (Case No. 3:19-cv-916, Doc. Nos. 1, 25). Upon consideration of a joint motion filed by the parties (*id*., Doc. No. 26; *see also* Case No. 3:10-cr-00163-5, Doc. No. 2573), the court vacated Brooks' Section 924(c) conviction and 60-month prison sentence but reimposed the 240-month sentence and a three-year term of supervised

release. An Amended Judgment was entered on August 21, 2020. Brooks did not appeal. (*Id.*, Doc. No. 2575-76).

### D. Brooks' Current Post-Conviction Litigation

In 2021, Brooks filed the instant Section 2255 motion seeking relief. (Doc. No. 1). The court construed Brooks' motion as a second and successive petition and transferred it to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam). (Doc. Nos. 6, 7). At the direction of the Sixth Circuit, Brooks filed a corrected motion for authorization to file a second or successive a Section 2255 motion, in which he proposed to raise claims that trial counsel rendered ineffective assistance. The Sixth Circuit determined that, because the motion attacked Brooks' Amended Judgment, he did not need authorization to file the motion. The Sixth Circuit remanded the case. (Doc. Nos. 13, 14).

Brooks filed a letter requesting additional time to supplement his motion with a memorandum of law due to issues at his facility. (Doc. No. 18). The court granted an extension. (Doc. No. 20). The court later allowed Brooks an additional extension but stated that no additional extensions would be granted and that his filing should be submitted no later than March 15, 2023. (Doc. No. 21). On March 21, 2023, Brooks mailed a letter to the court (which was received on March 28, 2023) (Doc. No. 80), in which he reiterates his claim that he received ineffective assistance of counsel. (*Id.*) Brooks also alleges that, under *Havis*, he no longer qualifies as a career offender because his "prior convictions of controlled substances [do] not qualify" as controlled substance offenses under U.S.S.G. Section 4B1.2. (*Id.*) He further alleges that there was also a sentencing disparity among him and his co-defendants. (*Id.*)

The United States responded to Brooks' motion and supplemental letter and alleged that Brooks was time barred from receiving relief. (Doc. No. 28). The court subsequently determined

that Brooks' motion was timely filed and ordered the United States to address the merits of Brooks' arguments. (Doc. No. 30).

The United States filed its Amended Answer on August 21, 2024 (Doc. No. 35), and this matter is ripe for review.

## II. STANDARD FOR REVIEWING SECTION 2255 MOTIONS

A prisoner in custody under a sentence of a federal court may move the court to vacate, set aside, or correct his sentence on certain grounds, including that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). It is well established that, "[t]o prevail under § 2255, a defendant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or jury's verdict" or "must show a fundamental defect in his sentencing which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Wright v. Jones*, 182 F.3d 458, 463 (6th Cir. 1999) (internal quotation marks omitted). In Section 2255 proceedings, it is the movant's burden to show his entitlement to relief. *See Potter v. United States*, 887 F.3d 785, 787-88 (6th Cir. 2018).

With the exception of a claim of ineffective assistance of counsel, a defendant procedurally defaults a claim by failing to raise it on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Under the doctrine of procedural default, a defendant who fails to raise an issue on direct appeal may not raise that issue in a Section 2255 motion unless he can demonstrate (1) cause and prejudice to excuse his failure or (2) his actual innocence. *See Huff v. United States*, 734 F.3d 600, 605-06 (6th Cir. 2013). The element of cause requires "good cause" for the movant's failure to raise his claims on direct appeal, and the element of prejudice requires the movant to show that he "would suffer prejudice if unable to proceed" with those claims. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Bousley v. United States*,

523 U.S. 614, 622 (1998)). The Sixth Circuit has held that a movant demonstrates actual prejudice by showing that an error "worked to his actual and substantial disadvantage." *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993). The Sixth Circuit made clear in *Bousley* that "'actual innocence' means factual innocence, not merely legal insufficiency." 523 U.S. 614, 623. Additionally, "[i]n cases where the [g]overnment has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624. A movant's factual innocence must be shown "in light of all the evidence, including the undisputed circumstances described in the presentence report" and plea agreement. *Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011).

### III. ANALYSIS

Rule 8 of the Rules Governing Section 2255 Proceedings contemplates that a Section 2255 motion may be resolved by the district court without a hearing. Rule 8(a) provides in relevant part: "If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." *Id.* Rule 7 of the Rules Governing Section 2255 Proceedings permits expansion of the record with additional materials relating to the motion, such as letters predating the filing of the motion, documents, exhibits, answers under oath to interrogatories and affidavits.

"An evidentiary hearing 'is required unless the record conclusively shows that the petitioner is entitled to no relief.'" *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)). "Bald assertions and conclusory allegations" do not provide grounds to warrant requiring the government to respond

to discovery or to require an evidentiary hearing. *Thomas v. United States*, 849 F.3d 669, 681 (6th Cir. 2017).

Here, considering the record before it, as well as the record in Case No. 3:10-cr-00163-5, the court concludes that no evidentiary hearing is necessary prior to ruling on Brooks' instant Section 2255 motion.

The court turns now to the merits of Brooks' motion. Therein, and as supplemented by his letter received on March 28, 2023,[3] Brooks alleges that he received ineffective assistance of counsel[4] (Doc. No. 1 at PageID# 4); one of his prior convictions for a controlled substance offense no longer qualifies as a career offender predicate offense under U.S.S.G. Section § 4B1.2, pursuant to *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (Doc. No. 22 at PageID# 80); and that he is the victim of sentencing disparities (*Id*. at PageID# 2). According to Brooks, his guideline range and sentence should be lower, and he is entitled to release on a time-served sentence. (*Id*.)

### A. Brooks has failed to establish that he received ineffective assistance of counsel.

To prevail on a claim for ineffective assistance of counsel, the movant bears the burden of showing, first, "that his counsel provided deficient performance," and second, that "the deficient performance prejudiced [his] defense." *Sylvester v. United States*, 868 F.3d 503, 509-10 (6th Cir. 2017) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Counsel's

---

[3] This letter was submitted in response to the court's order permitting Brooks to file a "Section 2255 Supporting Memorandum of Law." (*See* Doc. No. 23 at PageID # 83). Although an argument could have been made that Brooks had not raised a sentencing disparity claim in his Section 2255 motion (and only had mentioned sentencing disparity in his letter), Respondent lists a disparity claim in its Answer, thereby acknowledging such claim is before the court. (*See* Doc. No. 28 at PageID # 95-96).

[4] Brooks specifically alleges that his post-conviction counsel provided constitutionally ineffective assistance by failing to (1) challenge Brooks' career offender classification because (a) his prior conviction for a controlled substance no longer qualifies as a career offender predicate under U.S.S.G. § 4B1.2 pursuant to *Havis* and (b) RICO Conspiracy is no longer a crime of violence under U.S.S.G. § 4B1.2; and (2) file a direct appeal.

performance is deficient where it falls "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

To establish prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. "In making this showing, '[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Sylvester*, 868 F.3d at 511 (quoting *Strickland*, 466 U.S. at 693). Instead, the movant "must show that 'counsel's errors were so serious as to deprive the [movant] of a fair trial, a trial whose result is reliable.'" *Id*. (quoting *Strickland*, 466 U.S. at 687). "[A] court deciding an ineffective assistance claim" need not "address both components of the inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

### 1. *Post-conviction counsel's failure to object to the career offender calculation based on Brooks' prior convictions for controlled substance offenses*

Brooks first alleges that post-conviction counsel was ineffective for failing to object to the court's career offender designation. At Brooks' sentencing hearings, the court determined he qualified as a career offender, pursuant to U.S.S.G. § 4B1.1.(a), based in part on his prior convictions for controlled substance offenses. The United States Sentencing Guidelines assert that a defendant is a "career offender" if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;

(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and

(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Sentencing Guideline § 4B1.2(b) defines "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Application Note 1 of U.S.S.G. § 4B1.2 asserts that a controlled substance offense includes offenses of aiding and abetting, conspiring, and attempting to commit such offenses.

In this case, prior to the instant federal offense, Brooks received a felony conviction for Attempted Possession with Intent to Distribute a Schedule II Controlled Substance in Davidson County, Tennessee. (PSR ¶¶ 60, 74). He also received a felony conviction for Possession of Hydromorphone for Resale in Davidson County. (PSR ¶ 78). Thus, the court determined that these prior convictions qualified as "controlled substance offenses" within the meaning of U.S.S.G. §§ 4B1.1(a) and 4B1.2(b). In his most recent filings, Brooks contends that the law has now changed "with . . . [his] prior convictions of controlled substances not qualifying under the Sixth Cir. caselaw of *Havis*." (Doc. No. 22 at PageID# 80). According to Brooks, his post-conviction counsel was ineffective for failing to bring the effect of *Havis* to the court's attention.

As the court understands it, Brooks alleges that his conviction for Attempted Possession with Intent to Distribute a Schedule II Controlled Substance in Davidson County, Tennessee is no longer a "controlled substance offense" within the meaning of U.S.S.G. §§ 4B1.1(a) and 4B1.2(b), based on the Sixth Circuit's ruling in *United States v. Havis*, 927 F.3d 382, 386-87 (6th Cir. 2019). (*See* Doc. No. 35 at PageID# 124). In *Havis*, the Sixth Circuit held "attempt" crimes

11

do not qualify as "controlled substance offenses" because "attempt" crimes were not included in the text of U.S.S.G. § 4B1.2(b). *Id.* at 382 ("The Commission's use of commentary to add attempt crimes to the definition of 'controlled substance offense' deserves no deference. The text of § 4B1.2(b) controls, and it makes clear that attempt crimes do not qualify as controlled substance offenses.").[5]

Brooks argues that, following *Havis*, the court's determination that he was a career offender constitutes an erroneous application of the Guidelines. However, Brooks' claim is a non-constitutional claim of error. Non-constitutional errors "ordinarily are not cognizable on collateral review" under Section 2255. *United States v. Cofield,* 233 F.3d 405, 407 (6th Cir. 2000) (quoting *Grant,* 72 F.3d at 506); *Amey v. United States,* Nos. 1:17-cr-104; 1:20-cv-184, 2020 WL 4923954, at *4 (E.D. Tenn. Aug. 21, 2020) ("To the extent Petitioner seeks to directly challenge his career-offender classification, that argument is not a cognizable claim on collateral review. *See Bullard v. United States,* 937 F.3d 654, 657 (6th Cir. 2019) (holding that a petitioner "cannot challenge his classification as a career offender under the Guidelines ... on collateral review")).

*Bullard v. United States,* 937 F.3d 654 (6th Cir. 2019) is instructive. *Bullard* argued in his Section 2255 motion that, under *Havis,* his predicate conviction under an Arizona controlled substance statute that prohibits "attempt" conduct was no longer a controlled substance offense under the guidelines. *Id.* at 656-57, 660-61. The Sixth Circuit found that, although Bullard "would not be a career offender under the Guidelines" if he "received his sentence today," his argument that "the district court misclassified him as a career offender" did not present "a

---

[5] The Sixth Circuit has since acknowledged that the "Sentencing Commission responded to *Havis* by adding language [that] ... covers 'the offenses of aiding and abetting, attempting to commit, or conspiring to commit' any controlled substance offense or crime of violence." *United States v. Dorsey,* 91 F.4th 453, 459 (6th Cir. 2024) (quoting U.S.S.G. § 4B1.2(d)), *cert. denied sub nom. Dorsey v. United States,* No. 24-211, 2024 WL 4427261 (U.S. Oct. 7, 2024).

cognizable claim on collateral review." *Id*. at 657 (citing *Snider*, 908 F.3d at 189-91).  In *Snider v. United States*, 908 F.3d 183 (6th Cir. 2018), the Sixth Circuit held that a movant's "non-constitutional challenge to his advisory guidelines range . . . [was] not cognizable under § 2255." 908 F.3d at 189. The court found that a non-constitutional error will give rise to a cognizable Section 2255 claim "only if [the error] involved 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

Here, Brooks does not claim an error that "involved 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Snider*, 908 F.3d. 183, 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). Like *Havis*, Brooks does not allege that he is actually innocent of his prior drug offenses. And his sentences for those convictions have not been vacated. *See Bullard*, 937 F.3d at 658 (noting that a movant can assert a cognizable claim of non-constitutional error under Section 2255 by showing that "he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated"). Brooks instead alleges that *Havis* is an intervening change in law that invalidates the court's prior determination that he qualified as a career offender under the Guidelines. Although Brooks might have a meritorious argument that, if sentenced now, he would not qualify as a career offender under the Guidelines, he cannot raise a cognizable Section 2255 claim by arguing that *Havis* retroactively invalidates the court's application of the advisory Guidelines at his sentencing. He cannot because the Guidelines are advisory. As the *Bullard* court explained, "the Guidelines are just meant to guide the district court to the proper sentence. But the district court is free to vary from the Guidelines -- and can impose a sentence at, below, or above the Guidelines." 937 F.3d at 659.  "This discretion," says the court, "confirms the absence of any

13

'miscarriage of justice' in Guidelines calculations: a district court can lawfully impose the same sentence with or without the career offender designation." *Id*. (quotation marks and citations omitted).

Consequently, "*Havis* provides no relief on collateral review" for Brooks. *Id*. at 657. *See Church v. United States,* No. 3:17-cv-00972, 2020 WL 1703864, at *10 (M.D. Tenn. Apr. 8, 2020) (quoting *Chapman v. Terris*, No. 19-11247, 2019 WL 5733708, at *2 (E.D. Mich. Nov. 5, 2019)) (rejecting movant's attempt "to attack the qualifying status of this conviction (or any conviction) in the current proceeding which is a collateral attack on his conviction and sentence", as "'Petitioner is unable to avail himself of the *Havis* decision because it has not been made retroactive to cases on collateral review, including motions to vacate sentence.'"); *Gamble v. United States*, No. 16-02527, 2020 WL 475832, at *13-15 (W.D. Tenn. Jan. 29, 2020) (denying as futile Gamble's proposed amendment to his § 2255 motion asserting a claim based on *Havis* "because the argument he seeks to make does not give rise to a cognizable § 2255 claim."); *Dubose v. United States*, No. 1:16-cv-01250-JBD-jay, 2020 WL 53561, at *3 (W.D. Tenn. Jan. 3, 2020) (dismissing Dubose's § 2255 claim based on *Havis* because it "challenges the Court's application of the advisory Guidelines" and is therefore non-cognizable).

Post-conviction counsel could not be constitutionally deficient by failing to object to the career offender designation based on *Havis* because the *Havis* decision does not afford Brooks relief. This ineffective-assistance-of-counsel subclaim therefore fails.

### 2. *Post-conviction counsel's failure to object to Brooks' RICO conspiracy conviction as a crime of violence*

Brooks next alleges that post-conviction counsel was ineffective for failing to argue that Brooks' federal RICO conspiracy conviction no longer qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a)(2)'s "residual clause." (Doc. No. 1 at PageID# 4; Doc. No. 22 at PageID#

14

80). As a result, Brooks believes he should have an offense level of 30, a criminal history category of V, and a corresponding 151 to 188-month Guidelines range as opposed to the 262 to 327-month guidelines range that the court determined was accurate. *Id*.

At the time of Brooks' initial sentencing, the U.S.S.G. defined "crime of violence" for purposes of the career offender guideline as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). Subsection (1) is often referred to as the "elements" clause or "use-of-force" clause, and subsection (2), at the time, had two clauses: the "enumerated-offense" clause and the "residual" clause. *See Hollom v. United States*, 736 F. App'x 96, 98 (6th Cir. 2018).

In advancing his argument, Brooks relies on cases in which courts have examined the term "crime of violence" under the ACCA. The ACCA statute (which is not at issue in this case) provides that a felon convicted of being in possession of a firearm faces an enhanced punishment if he has three or more convictions for a "violent felony." 18 U.S.C. § 924(e)(2)(B). The residual clause of that subsection defines "violent felony" as including any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. This language is identical to the residual clause language of U.S.S.G. § 4B1.2(a) noted above.

In January 2015, the Supreme Court in *Johnson v. United States*, 576 U.S. 591 (2015), held that the ACCA's residual clause was void for vagueness, upsetting longstanding and universal practice in every circuit. The Supreme Court's *Johnson* decision has been described as a "bolt of lightning from the clear blue sky." *United States v. Grogans*, No. 7:11-cr-21, 2017 WL

15

Case 3:21-cv-00939    Document 37    Filed 02/25/25    Page 15 of 26 PageID #: 163

946312, at *5 (W.D. Va. Mar. 9, 2017) (holding that Grogans' failure to bring a vagueness challenge to the ACCA residual clause before *Johnson* was excused under the cause-and-prejudice prong because the claim "was so novel that it was not reasonably available to counsel").

Two years after the *Johnson* decision, the Supreme Court held that *Johnson* did not apply to the career offender guideline located at U.S.S.G. § 4B1.2—the provision at issue in this case with respect to this subclaim. *Beckles v. United States*, 580 U.S. 256, 259-60 (2017). The Court in *Beckles* reasoned that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Id*. at 267. In other words, the Guidelines are distinguishable from the ACCA because they "do not fix the permissible range of sentences," but instead "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. at 256.

Two years after the *Beckles* decision, the Supreme Court determined that the residual clause definition of violent felony in 18 U.S.C. § 924(c)(3)(B) – the federal statute providing mandatory minimum sentences based on using, carrying, or possessing a firearm in connection with a federal crime of violence – was unconstitutionally vague under due process and separation of powers principles. *United States v. Davis*, 588 U.S. 445, 469-70 (2019). However, *Davis* did not address the constitutionality of the Sentencing Guidelines.

Brooks' counsel would have (or should have) known about the *Johnson* decision, issued in 2015, and the *Davis* decision, issued in 2019, at Brooks' resentencing. But neither *Johnson* nor *Davis* provided Brooks an avenue for relief; thus, counsel could not have been deficient by

16

failing to raise arguments based on those decisions.[6] And even if counsel had performed deficiently, Brooks has not articulated any prejudice that he suffered as a result. He has not established that he likely would have succeeded in convincing the court that his appeal should be granted, given the joint motion submitted to the court by Brooks and the United States and Brooks' below-Guidelines sentence.

To the extent that Brooks also argues that counsel should have applied the categorical approach to determine whether his RICO conviction qualified as a crime of violence for purposes of the career offender enhancement, his ineffective assistance claim still fails. Even if RICO conspiracy no longer qualifies as a crime of violence under U.S.S.G. § 4B1.2, Brooks has not established that the sentencing error amounted to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Snider*, 908 F.3d. 183, 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). Brooks does not argue that he is actually innocent.

In short, Brooks has failed to establish counsel was deficient for failing to argue that Brooks' federal RICO conspiracy conviction no longer qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a)(2)'s "residual clause" and that this deficiency prejudiced him.

---

[6] Counsel would have been in the position of arguing for an extension of *Davis* or *Johnson.* The court does not believe that counsel can be said to have fallen below an objective standard of reasonableness because he did not make such an argument. *See Matthews v. Simpson*, 603 F. Supp.2d 960, 973 (W.D. Ky. Mar. 17, 2009) ("The Court can find no support for the idea that counsel must foresee changes in the law . . . ."), *affirmed by Parker v. Matthews*, 651 F.3d 489, 524 (6th Cir. 2011) (affirming district court's finding that appellate counsel did not provide ineffective assistance by failing to argue that the Kentucky Supreme Court changed Kentucky law to provide a definition of EED."), *certiorari granted and judgment reversed (although not affecting previous quoted content) by Parker v. Matthews*, 132 S. Ct. 2148 (2012). *See also Lott v. Coyle*, 261 F.3d 594, 609 (6th Cir. 2001) (finding that appellate counsel was not ineffective when he failed to anticipate a change in the law and failed to argue a "confused point of law"); *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) (noting that "nonegregious errors such as failure to perceive or anticipate a change in the law ... generally cannot be considered ineffective assistance of counsel"); *State v. Earl*, No. 62610, 1998 WL 474193, *5 (Ohio Ct. App. Aug. 10, 1998) ("[A]ppellate counsel is not responsible for accurately predicting the development of the law, especially in an area marked by conflicting holdings."). It is mere speculation to suggest that Brooks' counsel could have convinced a court to rule on an issue of first impression, and in Brooks' favor.

17

### 3. *Post-conviction counsel's failure to file a notice of appeal*

Brooks further alleges that post-conviction counsel was constitutionally ineffective by failing to file a notice of appeal after the entry of the Amended Judgment. (Doc. No. 1 at PageID# 5). Specifically, Brooks alleges that, after the Amended Judgment was entered, he "advised counsel to file a Notice of Appeal challenging the argument [he] had with being designated a Career Offender, specifically addressing the Racketeering Conspiracy not qualifying as a crime of violence under 4B1.2." (*Id.*) According to Brooks, counsel "never consulted with [Brooks] about filing a direct appeal!" (*Id.*)

In 2019, after the *Davis* decision, Brooks received permission from the Sixth Circuit to file a second or successive Section 2255 motion. He argued before this court that *Davis* invalidated his Section 924(c) conviction. (*See* Case No. 3:19-cv-916, Doc. No. 1, 25). Ultimately, the United States and Brooks filed a joint motion asking the court to impose a reduced sentence and amended judgment. (*Id.*, Doc. No. 26). Specifically, the parties asked the court to vacate the 924(c) conviction and "enter an amended judgment on the sole remaining count of conviction – Count 1 of the Superseding Indictment . . . that reimposes a sentence of 20 years of imprisonment." *Id*.

"[A]n attorney performs deficiently if, after consulting with his client, he 'disregards specific instructions' from his client 'to file a notice of appeal'—'a purely ministerial task.'" *Pola v. United States*, 778 F.3d 525, 533 (6th Cir. 2015) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). Although Brooks now claims that he wanted to appeal the sentence, his counsel represented to the court in the joint motion that he had "spoke[n] to Mr. Brooks on

18

Monday, August 3, 2020, and he stated he agrees with this proposed resolution." *Id*. Brooks provides no documentation rebutting counsel's written filing.[7]

Brooks represents that he directed counsel to file a notice of appeal and that counsel "never consulted with [Brooks] about filing a direct appeal." (Doc. No. 1 at PageID# 5). Thus, Brooks appears to be arguing both that he instructed counsel to appeal on Brooks' behalf and that Brooks expected counsel to raise the issue of appealing with Brooks, two potentially contradictory statements. In short, the court finds that Brooks' claim that he asked counsel to file a notice of appeal "is entirely conclusory and self-serving." *See Dority v. United States*, No. 1:23-cv-323, 2024 WL 4403820, at *2 (W.D. Mich. Oct. 4, 2024) (finding defense attorney's affidavit to be credible in which counsel stated that habeas petitioner had not directed attorney to file notice of appeal, despite petitioner's uncorroborated insistence to the contrary).

 Nor has Brooks established that, had counsel appealed, Brooks' sentence would have been different. He does not assert that his agreement for a reduced sentence was entered unknowingly and involuntarily. Brooks received a sentence below the recommended Guidelines range. Thus, Brooks has failed to demonstrate that counsel was ineffective for failing to file a notice of appeal. This ineffective-assistance-of-counsel subclaim fails, like the others.

### B. Brooks is precluded from challenging his Guidelines calculation.

Second, Brooks alleges that his prior controlled substance convictions no longer qualify as career offender predicate offenses.

In responding to this claim, Respondent curiously argues that Brooks waived this argument under the terms of his plea agreement. (*See* Doc. No. 35 at PageID# 132). But the court, and the Sixth Circuit, already have considered and rejected that argument in this case, and

---

[7] Brooks' post-conviction counsel was Michael Holley in the Federal Public Defender's Office, a lawyer well known and highly regarded by this judge for many years.

in others where a nearly-identical plea agreement was used. *See United States v. Anthony Brooks*, No. 3:10-cr-163.[8]

When Brooks sought authorization from the Sixth Circuit to file a second or successive Section 2255 motion to raise a *Davis* claim, the government argued, as it does now, that Brooks' waiver precluded any Section 2255 motion. *In re Brooks*, 2020 U.S. App. LEXIS 6371 (6th Cir. Feb. 28, 2020). The Sixth Circuit rejected the government's argument regarding the scope of the waiver. *Id*. *3. The Sixth Circuit explained: "[T]he waiver provides that Brooks waives only 'the right to challenge [his] *sentence'*; it does not provide that he also waives the right to challenge his *convictions*—including his § 924(c) conviction that he seeks to challenge here" under *Davis*. (*Id*.) (citing *United States v. Spear*, 753 F.3d 964, 960 (9th Cir. 2014) (emphasis in original, quoting plea agreement)). *See also Burleson v. United States*, No. 3:20-cv-487, 2020 WL 7027503, at *6 (M.D. Tenn. Nov. 27, 2020) (Aspen, J.) (when considering waiver in plea agreement that was substantially similar to Brooks' and Lee's waivers, finding that "the waiver clause does not waive Burleson's right to attack his *conviction*. It only waives his right to attack his *sentence*.") (emphasis in original); *Antonio Lee v. United States*, No. 3:19-cv-00850, 2020 WL 7425862, at *4 (M.D. Tenn. Dec. 18, 2020) (finding that Lee, who had signed a plea agreement that was substantially similar to Brooks', had not waived his right to attack his conviction). Simply, Brooks has not waived his right to challenge whether his prior controlled substance convictions no longer qualify as career offender predicate offenses.

However, to the extent that Brooks argues his sentence upon resentencing was improperly enhanced under the career offender guideline because his prior convictions for

---

[8] Brooks entered a plea agreement in this court. (*See* Case No. 3:10-cr-163, Doc. No. 1269, Page ID# 3912-3913). Brooks' waiver stated that  he waived an appeal of "any issue bearing on the determination of whether he is guilty" and of "any sentence" as well as any "collateral attack" of any "sentence." (*Id*. at Page ID #3912).

controlled substance offenses are no longer qualifying offenses,[9] the Supreme Court's decision in *Beckles* forecloses the claim, as discussed above. In *Beckles*, the Court held that, unlike the ACCA, the Sentencing Guidelines are advisory, and therefore, the definitions in the Guidelines, including the residual clause, are not subject to a vagueness challenge under the Due Process Clause. *See Harris v. United States*, 686 F. App'x. 345, 348 (6th Cir. 2017) (applying *Beckles* to affirm the dismissal of petitioner's Section 2255 motion to vacate). Thus, even if Brooks' controlled substance conviction qualified as a "crime of violence" under the career offender Guideline's residual clause, *Beckles* holds that application of the Guideline's residual clause was not unconstitutional. Brooks has not suggested a basis for distinguishing the decision in *Beckles*, nor has he asserted an alternative basis upon which to vacate his sentence. This claim is without merit. *See Pollard v. United States*, No. 3:16-cv-00883, 2017 WL 3913126, at *1- 3 (M.D. Tenn. Sept. 7, 2017) (Crenshaw, Jr., Chief J.); *Murrell v. United States*, No. 3:16-cv-01360, 2017 WL 2691562, at *1-3 (M.D. Tenn. Jun. 22, 2017) (Trauger, J.).

**C. Brooks fails to show an unwarranted sentencing disparity that requires resentencing.**

Third, Brooks claims that he was unfairly and disproportionately sentenced to a longer term of imprisonment than his co-defendants.

Congress established the Guidelines system as the mechanism to "bring about greater fairness in sentencing through increased uniformity." *Rita v. United States*, 551 U.S. 338, 354 (2007). Therefore, as the Sixth Circuit explained, its review of substantive reasonableness "starts with the sentencing estimate provided by the Sentencing Commission," not the sentences

_____

[9] Several courts have applied the *Johnson* decision to invalidate the identically-worded portion of the definition of "crime of violence" set forth in the career offender Guideline. *See, e.g., United States v. Pawlek*, 822 F.3d 902 (6th Cir. 2016). Relying on this reasoning, Brooks argues that the *Johnson* decision invalidates his sentence because the career offender Guideline's residual clause was applied to him. In the absence of the residual clause, Brooks alleges that his RICO conspiracy offense does not otherwise satisfy the "crime of violence" definition, and he no longer qualifies for the career offender enhancement.

21

received by other individual defendants. *Davis*, 458 F.3d at 496. "Moreover, § 3553 refers to national uniformity in sentencing similarly situated defendants, rather than codefendants." *Allen v. United States*, No. 3:12-CR-90-TAV-HBG-1, No. 3:18-CV-195-TAV, 2018 WL 5983561, at *3 n.3 (citing *United States v. Thompson*, 218 F. App'x 413, 417 (6th Cir. 2007)). *See* 18 U.S.C. § 3553(a)(6) (in sentencing defendants, one of the factors that the court must consider is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.").

Therefore, as opposed to evaluating the sentences of Brooks' co-defendants (as Brooks urges)[10], in determining Brooks' sentence, the court should have considered defendants who qualify as career offenders with a Guidelines range of 262-327 months who also have been found guilty of RICO conspiracy. And the court did just that; it considered the Section 3553(a) factors, varied downward, and sentenced Brooks to an agreed-to, below-Guidelines sentence of 240 months. Brooks' claim therefore fails. "A sentence within a properly ascertained range . . . cannot be treated as unreasonable by reference to [§ 3553(a)(6)'s] unwarranted disparity provision." *United States v. Elliot*, 327 F. App'x 540, 549 (6th Cir. 2009) (quoting *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006)); *see also United States v. Kirchhof*, 505 F.3d 409, 416 (6th Cir. 2007) (court took steps to avoid an unwarranted disparity by considering the Guidelines and specific sentencing factors before sentencing petitioner below the advisory guideline range).

Finally, even if this court determined that Brooks qualified to be resentenced, the sentencing factors set forth at 18 U.S.C. § 3553(a) do not, on balance, warrant the reduced

---

[10] This court does consider in sentencing the relative culpability of defendants in multi-defendant cases such as this one but must rely on the government's evaluation and any agreement reached between the parties to reflect that aspect of the case. The sentencing transcript reflects that the court took that approach here. (*See* Case No. 3:10-cr-163, Doc. No. 1966 at PageID# 12798-99).

sentence of approximately 12 years that he requests. The 3553(a) factors require a court to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" of incarceration. The § 3553 factors include:

> (1) The defendant's personal history and characteristics;
> (2) his sentence relative to the nature and seriousness of his offense;
> (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public;
> (4) the need for rehabilitative services;
> (5) the applicable guideline sentence; and
> (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants.

18 U.S.C. § 3553(a). In considering these factors, Brooks' 240-month sentence is sufficient but not greater than necessary to comply with the purposes of incarceration.

Brooks' personal history and characteristics warrant a 20-year sentence. While Brooks states that he has "family and community support" (Doc. No. 22 at PageID# 80), the court cannot ignore the actions in which he chose to engage prior to incarceration, some of which occurred when Brooks was a minor, presumably under the control of a parent or other adult family member. Brooks obtained his first criminal adjudication at the age of 15 by participating in an aggravated robbery/carjacking. (PSR ¶ 66). At the age of 18, he vandalized someone's car by jumping up and down on the car's roof and throwing rocks through the car's windows and windshield. (PSR ¶ 73). Less than a year later, Brooks was found in possession of a bag that contained 53 ecstasy pills. (PSR § 74). A court placed Brooks on probation for three years and he repeatedly violated his probation. *Id*. At the age of 20, Brooks pled guilty to possessing Dilaudid pills for resale and a loaded handgun with an obliterated serial number. (PSR ¶ 78). He received a 4-year suspended sentence  but, again, repeatedly violated his supervision. *Id*. Two years later,

Brooks was convicted of a serious assault on his girlfriend. (PSR ¶ 79). His history of violating supervision suggests that he did not take his arrests or convictions seriously, even as an adult.

Brooks alleges that he has changed his behavior because he has "learned valuable lessons throughout these last 12 years." (Doc. No. 22 at PageID# 80). He represents that he has obtained eight vocational training certificates and has "prepared a release plan for up to 1st year of release." (*Id*.) However, Bureau of Prisons ("BOP") records, provided to the court by the Government, demonstrate that Brooks has disobeyed rules and procedures throughout his incarceration, as recently as 2021, and engaged in violent behavior. (Doc. No. 36). In July of 2021, Brooks possessed a homemade weapon and narcotics in his cell. *Id*. In December 2020 and January and February 2021, Brooks refused assignments on three occasions. *Id*. In June 2019, Brooks possessed a dangerous weapon. *Id*. In February and December 2018, Brooks was involved in two fights. *Id*. In October 2016, Brooks possessed a dangerous weapon. *Id*. In January 2016, Brooks was involved in a fight. *Id*. In September 2012 and August 2013, Brooks possessed dangerous weapons. Brooks does not dispute the accuracy of those records. While the court commends Brooks on his vocational training and plans for reentry, his history and characteristics, as displayed in his BOP disciplinary record, do not justify the time served sentence that he now requests.

In addition to his personal history and characteristics, the nature and seriousness of his offense do not warrant a reduced sentence of approximately 12 years. Brooks was a member of the Bloods street gang and agreed with his fellow gang members to commit murders, robberies, drug trafficking, and other offenses. (PSR ¶¶ 28-29). On February 21, 2010, he and his fellow gang members shot at rival gang members attempting to kill them. (PSR ¶ 31). Two individuals sustained injuries from this shooting. *Id*. Brooks and his fellow gang members also violently

24

assaulted one of their own members because he failed to follow rules. (PSR ¶ 34). Brooks also possessed firearms. (PSR ¶ 32). Brooks committed these offenses after sustaining the prior violent and drug trafficking offenses. Furthermore, he was also on probation at the time of the instant offense. Thus, a reduced sentence is not warranted.

Moreover, a sentence of approximately 12 years would not provide a just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public from Brooks. The 240-month agreed-to sentence that he received considered the applicable Guidelines, as discussed above, and was below the bottom of that Guidelines range – 262 months. Moreover, his plea agreement resulted in the dismissal of a count that would have mandated an additional 25-year consecutive sentence. Taken together, these factors warrant a 240-month sentence and not the approximate 144-month sentence that Brooks is requesting.

## IV. CONCLUSION

As explained herein, Brooks' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. This action is **DISMISSED**.

Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant a grant of the certificate, "[t]he

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

Because jurists of reason would not disagree with the resolution of Brooks' claims, the court **DENIES** a COA. However, Brooks may seek a COA from the Sixth Circuit.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge